UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM CASEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-13 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON OBJECTIONS TO MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant Clint Morris's Motion to Dismiss (D.E. 12), seeking dismissal of Plaintiff's First Amendment claim against him in his individual capacity for monetary damages. On November 13, 2014, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation ("M&R") (D.E. 20) recommending that the Court deny Defendant's motion. The Court received Defendant's objections (D.E. 22) on December 1, 2014. The objections are set out and discussed below.

Defendant first objects to the M&R because it "failed to consider the competent evidence attached to Defendant's Motion to Dismiss; and thus, truncated its analysis in determining whether the motion to dismiss should be granted." D.E. 22, p. 3. The motion to dismiss included an unsigned affidavit on behalf of Defendant Morris (D.E. 12-1) as well as Defendant's job description (D.E. 12-2). Defendant relies on a line of Supreme Court and Fifth Circuit cases in arguing that Rule 12(b) requires the court to

treat his motion to dismiss as one for summary judgment where matters outside the pleadings are considered. D.E. 22, p. 3.

However, "the presence of affidavits in the record that were not relied upon by the district court does not convert the motion to dismiss into one for summary judgment." *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). Rather, a court has "complete discretion" in determining whether or not to accept materials outside the pleading and convert a Rule 12(b) motion into a motion for summary judgment. *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 414 (5th Cir. 1980). *E.g.*, *Griffith v. Johnson*, 899 F.2d 1427, 1432 n.2 (5th Cir. 1990) ("Rule 12(b)(6) permits the district court, *in its discretion*, to consider materials outside the pleadings when adjudicating the motion to dismiss, thereby converting the motion into one for summary judgment.") (emphasis added). Thus, the Magistrate Judge was well within his discretion to disregard Defendant's evidence and adjudicate the motion under Rule 12(b). Defendant's first objection is **OVERRULED**.

Second, Defendant objects that the M&R failed to consider his qualified immunity argument for the claims against him in his individual capacity. Specifically, Defendant argues that the Magistrate Judge failed "to consider either prong of the qualified immunity analysis and has deprived Morris of his entitlement to be free, not only of the burdens of trial, but also of the burdens of suit." D.E. 22, p. 5. Because the M&R failed to address Defendant's qualified immunity argument, the Court **SUSTAINS** Defendant's second objection and refers this matter back to the Magistrate Judge to address qualified

immunity. The Magistrate Judge may file a supplemental M&R and Defendant will then be allowed fourteen (14) days to file objections to the supplemental M&R.

ORDERED this 6th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE