UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM CASEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-13 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## SUPPLEMENTAL MEMORANDUM AND RECOMMENDATION ON DEFENDANT MORRIS' MOTION TO DISMISS

This is a prisoner civil rights case in which Plaintiff, a practitioner of the Native American faith and appearing *pro se*, is suing certain prison officials alleging violations of his right to practice his faith under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as the First Amendment. Pending is Defendant Clint Morris' Motion to Dismiss. (D.E. 12).

The undersigned Magistrate Judge previously submitted a Memorandum and Recommendation to United States District Judge Nelva Gonzales Ramos recommending the motion be denied. (D.E. 20). Defendant Morris timely filed objections to the recommendation. (D.E. 22). After considering Defendant Morris' objections, Judge Ramos sustained the objections in part and referred the matter back to the undersigned to address Defendant Morris' qualified immunity argument. Having carefully considered issues related to qualified immunity in the context of Defendant Morris' motion to dismiss, as set

out in more detail below, the undersigned Magistrate Judge respectfully recommends Defendant Clint Morris' Motion to Dismiss be **GRANTED.**

## I. PLAINTIFF'S CLAIMS AGAINST DEFENDANT CLINT MORRIS

Plaintiff is suing Mr. Morris in his individual capacity for monetary damages for alleged violations of his First Amendment rights. (D.E. 1, p. 7). Pursuant to current TDCJ policy, Plaintiff is prohibited from wearing his hair long or wearing a medicine bag. Plaintiff is further prohibited from personally smoking from a ceremonial pipe during Native American religious services. (D.E. 1, p. 7). Plaintiff claims these policies violate his First Amendment rights. Plaintiff alleges Defendant Morris, as the TDCJ Native American Program Analyst, failed to oversee and implement policies to ensure the religious liberties of Native American prisoners were adequately protected. (D.E. 1, p. 7).

## II. DEFENDANT MORRIS' MOTION TO DISMISS AND QUALIFIED IMMUNITY

A defendant may move to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The Court must examine the complaint in the light most favorable to Plaintiff, accepting all allegations as true and drawing all reasonable inference in favor of Plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 l.Ed.2d 868 (2009). In order to survive a motion to dismiss, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556,

127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Twombly*, 550 U.S. at 555.

To state a claim under section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

In the instant motion, Defendant Morris has raised the defense of qualified immunity. (D.E. 12, p. 5). Defendant Morris seeks to dismiss Plaintiff's claims on the grounds that Plaintiff has failed to raise a constitutional violation and argues that his actions were objectively reasonable, such that he is entitled to qualified immunity. When evaluating a defendant's qualified immunity defense within the context of a Rule 12(b)(6) motion, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Specifically, the plaintiff must plead specific facts: (1) to allow the court to draw the reasonable inference the defendant is liable for the harm alleged; and (2) which would defeat a qualified immunity defense. *Id.*

Applying the first step, Plaintiff has failed to allege a viable theory of liability as to Defendant Morris. Plaintiff has not shown Defendant Morris to have violated any of

Plaintiff's constitutional rights.  Plaintiff contends it is Mr. Morris' job to protect his First Amendment right to practice his religion such that, if Mr. Morris fails to do his job, he simultaneously violates Plaintiff's constitutional rights.  However, the mere fact that Plaintiff is unsatisfied with Mr. Morris' job performance does not equate with a constitutional violation.  Moreover, Plaintiff does not contend Mr. Morris targeted Plaintiff personally to interfere with his rights.  Plaintiff is complaining about institutional policies, not the actions of a particular defendant.

To state a cause of action under § 1983, a plaintiff must identify a defendant who was either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.  *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).  Further, it is well established that a § 1983 plaintiff cannot obtain monetary damages or injunctive relief from a supervisor solely on a theory of respondeat superior.  *Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 600 n.2 (5th Cir. 1983) (*citing Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978)).  "[S]upervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."  *Thompson v. Upshur Cnty.* 245 F.3d 447, 459 (5th Cir. 2001) (*quoting Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  "[Section] 1983 does not give a cause of action based on the conduct of subordinates.  Personal involvement is an essential element of a civil rights cause of action."  *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  A supervisor who is not personally involved is liable under the theory of "supervisory liability" only if he has implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins*, 828 F.2d at 304.  "Supervisory

officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff fails to raise a viable claim that Defendant Morris is liable for the harm alleged because Defendant Morris has not violated Plaintiff's constitutional rights.

Regarding the second step under *Backe,* even if Defendant Morris had been personally involved in preventing Plaintiff from wearing a medicine bag, growing his hair long or personally smoking a ceremonial pipe, Plaintiff has not alleged specific facts to defeat Mr. Morris' qualified immunity defense.

The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar Cnty. Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Government employees are presumptively entitled to the defense of qualified immunity. Once asserted, the burden shifts to a plaintiff to demonstrate that qualified immunity does not bar their recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). A two-step process has traditionally been employed in evaluating the defense of qualified immunity. *Saucier v. Katz*, 533 U.S. 194 (2001). Under the traditional approach, a court must first consider whether "the facts alleged show the officer's conduct violated a constitutional right." *Id.* at 201. Second, if the plaintiff has satisfied the first step, courts are

required to decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id. See also Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011). However, the Supreme Court has held that a case may be dismissed based on either step in the qualified immunity analysis as "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011).

As stated above, Plaintiff has not shown Defendant Morris violated any of his constitutional rights. Further, Plaintiff has not shown any of the rights at issue (medicine bag, hair length, pipe ceremony) were "clearly established" for an inmate incarcerated in a penal institution. "To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citations omitted). The Fifth Circuit has specified that the issue for a court's consideration with respect to the second step is whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011) (citations omitted). Conclusory allegations of wrong-doing fail to satisfy both the first and second requirement. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).

The Supreme Court has recognized limits may be placed on the religious rights that must be afforded to inmates. In *Turner v. Safley*, 482 U.S. 78 (1987), the Court held

"[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," and "[w]hen a prison regulation impinges upon the inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89.

The right of Plaintiff while a prisoner in the TDCJ to wear a medicine bag, grow his hair long, or personally smoke a ceremonial pipe are not clearly established. Other inmates in this jurisdiction have raised similar claims which have been resolved adversely to the Plaintiffs at the summary judgment stage. *See Davis v. Stephens*, No. 2:12-cv-166 (S.D. Tex., filed May 21, 2012)(D.E. 158)(granting Defendant Morris' motion for summary judgment based on qualified immunity in an almost identical case); *Legate v. Stephanie*, No. 2:13-cv-148 (S.D. Tex., filed May 24, 2013)(D.E. 43, 47)(granting TDCJ Director William Stephens motion for summary judgment and finding Plaintiff's claims involving restrictions on hair length, medicine bag and ceremonial pipe did not establish constitutional violations).

Further, decisions of the Fifth Circuit indicate Plaintiff's claims are not clearly established. *Chance v. TDCJ*, 730 F.3d 404 (5th Cir. 2013)(TDCJ communal pipe smoking ban did not violate RLUIPA); *Longoria v. Dretke*, 507 F.3d 898 (5th Cir. 2007)(TDCJ grooming policy regarding hair length did not violate RLUIPA); *Atkins v. Kaspar* 393 F.3d 559 (5th Cir. 2004)(Prisoner's medicine bag claim did not rise to the level of a substantial burden on the prisoner's Native American faith and therefore did not violate RLUIPA). Of note is that "RLUIPA imposes a higher burden than does the First Amendment in that the statute requires prison officials to put forth a stronger justification for regulations that

impinge on the religious practices of inmates." *Mayfield v. TDCJ*, 529 F.3d 599, 612 (5th Cir. 2008).

Plaintiff has failed to plead specific facts to allow the Court to draw the inference that Defendant Morris is liable for the harm alleged. Further, Plaintiff has failed to plead facts to suggest that Plaintiff could defeat Defendant Morris' qualified immunity defense. Plaintiff has not established a constitutional violation in order to satisfy the first step in the qualified immunity analysis. Further, Plaintiff has not pled any fact or cited to any authority to suggest that Defendant Morris engaged in any actions that were objectively unreasonable in light of clearly established law. Defendant Morris' Rule 12(b)(6) Motion to Dismiss should be **GRANTED** based on qualified immunity.

### III. RECOMMENDATION

Having carefully considered issues related to qualified immunity in the context of Defendant Morris' motion to dismiss, the undersigned Magistrate Judge respectfully recommends Defendant Clint Morris' Motion to Dismiss be **GRANTED.**

ORDERED this 27th day of February, 2015.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).