UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM CASEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-13 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PENDING NONDISPOSITIVE MOTIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice and a practitioner of the Native American faith. He brings this action *pro se* against certain prison officials alleging violations of his right to practice his faith under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as the First Amendment. This case was referred to the undersigned Magistrate Judge for case management and to rule on all non-dispositive motions pursuant to 28 U.S.C. § 636.[1] Pending are Plaintiff's motion to amend complaint (D.E. 24), motion for extension of time to reply (D.E. 27), motion to take judicial notice (D.E. 31), and motion to stay (D.E. 32). Having considered the motions, responses, applicable law and for the reasons set forth below, Plaintiff's motions are **DENIED**.

Plaintiff seeks to amend his complaint to allege a breach of contract claim. (D.E. 24). Plaintiff's theory is that TDCJ officials breached a contract with him and other

---

[1] *See* Special Order No. C-2013-01.

Native American practitioners in TDCJ's refusal to allow Plaintiff to participate in ceremonial pipe smoking services. His theory is based on a prior case where TDCJ officials reached a settlement agreement with an inmate named Yellowquill who filed a similar lawsuit. (D.E. 24). *See Yellowquill v. Scott,* No. 4:95-cv-1080 (S.D. Tex. filed Apr. 13, 1995). Plaintiff was not a party to the *Yellowquill* case or settlement. Further, the current TDCJ policy prohibiting communal pipe sharing ceremonies resulted from subsequent litigation involving health risks to inmates sharing communal pipes. *See Chance v. TDCJ,* No. 6:11-cv-435 (E.D. Tex. filed June 16, 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir. 2005)(internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 270 (5th Cir. 2010).

Plaintiff's proposed amendment alleges a claim wholly without merit. Allowing the amendment would be futile. Plaintiff simply has no viable cause of action for breach of contract. Therefore, Plaintiff's motion to amend (D.E. 24) is **DENIED**. Further,

granting Plaintiff additional time to respond or staying the case to allow Plaintiff an opportunity to exhaust his administrative remedies with regard to the breach of contract claim would also be futile.  Therefore, it is further ORDERED that Plaintiff's motion for extension (D.E. 27) and motion to stay (D.E. 32) are **DENIED**.

Finally, Plaintiff seeks the Court to take judicial notice of the "Yellowquill Settlement Agreement." (D.E. 31).

A court has the discretion to take judicial notice of an "adjudicative fact" at any stage of a proceeding.  Fed. R. Evid. 201; *accord Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).  In Taylor, the Fifth Circuit explained that

> Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned."

162 F.3d at 829 (emphasis in original). "Care should be taken by the court to identify the fact it is noticing, and its justification for doing so. This is particularly necessary when a document ... from which any number of distinct facts might be drawn is the object of the notice." *Colonial Leasing Co. v. Logistics Control Grp. Int'l,* 762 F.2d 454, 459 (5th Cir. 1985).  The Court is aware of the procedural history of the *Yellowquill* case and, when appropriate, will consider the prior dispositions of *Yellowquill* and related cases when seeking to understand the procedural history of this case and related litigation.  Taking judicial notice of a piece of evidence at this stage of the proceedings is premature.

Therefore, Plaintiff's motion to take judicial notice of the *Yellowquill* settlement agreement (D.E. 31) is **DENIED without prejudice**.

ORDERED this 24th day of March, 2015.

_____
Jason B. Libby
United States Magistrate Judge