United States District Court
Southern District of Texas
**ENTERED**
June 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM CASEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-13 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

This is a civil rights case brought by a Texas inmate of the Native American faith. On February 9, 2016, the Court granted Defendant's motion for summary judgment and dismissed Plaintiff's claims with prejudice. (D.E. 58). Plaintiff has filed a "Motion of Opposition" construed as a Rule 59(e) motion to alter or amend the judgment. (D.E. 59). Based on the Fifth Circuit's decision in *Davis v. Davis*, No. 14-40339, 2016 WL 3269089 (5th Cir. June 14, 2016), the undersigned recommends Plaintiff's motion be **GRANTED in part** and the Court vacate its ruling on Defendant's motion for summary judgment only as to Plaintiff's kouplock claim and refer the case back to the undersigned for further proceedings.

**I.     JURISDICTION**

The Court has federal question jurisdiction. 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for case management, ruling

on non-dispositive motions and furnishing a recommendation on dispositive motions pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

## II.     PROCEDURAL BACKGROUND

Appearing *pro* se, inmate William Casey brought this civil rights action challenging certain policies and practices of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Plaintiff alleged these policies conflict with his right to practice his Native American faith in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.,* and the First Amendment. Plaintiff sought injunctive and declaratory relief against the TDCJ-CID, by and through Defendant William Stephens in his official capacity only, to allow Plaintiff to: (1) grow his hair long and/or wear a kouplock; (2) wear his medicine bag at all times; and (3) possess and smoke a personal prayer pipe. (*See* D.E. 1, p. 7).

On February 9, 2016, relying on applicable precedent, the District Judge granted the Defendant's motion for summary judgment as to all of Plaintiff's claims. (D.E. 58). On March 9, 2016, Plaintiff filed the pending Motion of Opposition to the District Judge's Ruling on Summary Judgment, which the undersigned construes as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On March 7, 2016, Defendant filed a response to Plaintiff's motion.[1]

---

[1] Defendant's response was based in part on Plaintiff's erroneous argument that the Fifth Circuit had remanded *Davis v. Davis*, No. 14-40339, 2016 WL 3269089 (5th Cir. June 14, 2016), a case similar to Plaintiff's. While Defendant was correct at the time the response was filed, the Fifth Circuit has since vacated and remanded in part *Davis* for further proceedings.

### III. RULE 59(e)

Effective December 1, 2009, any motion asking the Court to revisit its judgment filed within twenty-eight (28) days after the entry of judgment is considered made pursuant to Rule 59(e). *Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir. 1986) (en banc); *Bass v. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *Fletcher v. Apfel*, 210 F.3d 510, 511 (5th Cir. 2000). Here, the Court granted summary judgment in Defendant's favor on February 9, 2016. (D.E. 58). Plaintiff's Motion to Alter or Amend Judgment was received by the Court on March 3, 2016, well within the twenty-eight days authorized by Rule 59(e). (D.E. 59). Therefore, Plaintiff's motion is properly considered under Rule 59(e).

A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the Court. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. Jun. 2, 2010) (unpublished). Reconsideration of a judgment

after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

IV.   ANALYSIS

The Fifth Circuit decided *Davis v. Davis*, No. 14-40339, 2016 WL 3269089 (5th Cir. June 14, 2016) after the Court entered summary judgment in the defendant's favor. *Davis* involved a Texas inmate of the Native American faith with claims similar to Plaintiff Casey. In *Davis*, the Fifth Circuit held that the district court did not err in granting summary judgment on Plaintiff's First Amendment claim, medicine-bag RLUIPA claim, and pipe ceremony RLUIPA claim. *Davis*, WL 3269089 at *9. However, the Court vacated and remanded Plaintiff Davis' kouplock grooming-policy RLUIPA claim for a number of reasons[2] including failing to consider Plaintiff Davis' submission of excerpts of George Sullivan's expert testimony in *Odneal v. Pierce*, No. C-04-454, 2011 WL 2678940 (S.D. Texas July 7, 2011). *Id.* Additionally, the Fifth Circuit found "genuine issues of material fact remain regarding the legitimacy of TDCJ's cost and security concerns created by the wearing of a kouplock by Plaintiffs as low risk Native American inmates, and further because the district court did not consider Plaintiff's grooming-policy claim in light of Plaintiff's individual circumstances."

On the present record, there is little to distinguish the claims in the *Davis* case from that of Plaintiff William Casey. Both Plaintiffs alleged TDCJ policies infringed on their right to practice their Native American religion in violation of RLUIPA with regard

---

[2] In reaching its decision, the Fifth Circuit in *Davis* relied, in part, on *Holt v. Hobbs*, 135 S. Ct. 853 (2015) where the Supreme Court held the Arkansas Department of Corrections' no-beard policy violated RLUIPA as applied to Holt.

to their being denied the right to wear a kouplock, a medicine bag and participate in pipe smoking ceremonies. Both cases arrive out of the McConnell Unit, a TDCJ facility in Beeville, Texas. In fact, Plaintiff Casey states that Plaintiff Davis assisted Casey in preparing and filing this lawsuit, "I mean Davis did litigate this entire lawsuit for William Casey as his jail house lawyer." (D.E. 59, p. 6). Further, Plaintiff Casey in his response to Defendant's motion for summary judgment, like Davis, references the testimony of witnesses in the *Odneal* case, including the testimony of expert witnesses George Sullivan. (D.E. 51, pp. 20-29). The similarities between the instant case and the *Davis* case warrant the Court conducting additional proceedings and reconsidering Plaintiff's kouplock grooming-policy RLUIPA claim in light of *Davis*.

### V. CONCLUSION

The undersigned respectfully recommends the Court **GRANT in part** Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (D.E. 59) and vacate the Memorandum Opinion on Defendant's Motion for Summary Judgment (D.E. 58) only as to Plaintiff's kouplock grooming-policy RLUIPA claim. The undersigned further recommends the case be referred back to the undersigned for further proceedings.

Respectfully submitted this 30th day of June, 2016.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).