United States District Court
Southern District of Texas
**ENTERED**
October 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILLIAM CASEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-13 |
| § | |
| LORIE DAVIS, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Pending before the Court is Plaintiff William Casey's (Casey's) Motion of Opposition to the District Judge's Ruling on Summary Judgment (D.E. 59), construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). On June 30, 2016, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation to Grant Plaintiff's Motion to Alter or Amend Judgment" (D.E. 62), recommending that Plaintiff's motion be granted in part. Defendant Lorrie Davis timely filed objections on July 21, 2016. D.E. 66, 67.

Plaintiff's civil rights claims are brought in connection with his practice of the Native American faith and relate to his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq. His claims parallel those brought in *Davis v. Davis*, No. 14-40339, 2016 WL 3269089 (5th Cir. June 14, 2016). In that case, the Fifth Circuit vacated a summary judgment in part and remanded the kouplock grooming-policy RLUIPA claim for reconsideration in light of its opinion.

The *Davis v. Davis* opinion clarified the manner in which courts are to evaluate RLUIPA claims. The statute requires the identification of a compelling state interest and determination whether the challenged policy is the least restrictive means for furthering that interest. The Fifth Circuit specifically held that the least restrictive means test must include consideration of the status of the challenging individual. That means that, in the context of a prison grooming policy, the courts must consider the specific security risk posed by the grooming issue as to the individual plaintiffs, who may be minimum security prisoners. The least restrictive means issue in this type of case also requires evaluating the sufficiency of the evidence to present a fact question.

The Fifth Circuit remanded *Davis v. Davis* for reconsideration in light of that opinion. The Magistrate Judge concluded that this case is sufficiently similar to the *Davis v. Davis* case[1] that vacating the summary judgment on the kouplock grooming-policy RLUIPA claim for reconsideration is appropriate, while leaving in place the summary judgment as to the other claims. Defendant has stated two objections—one objection on each of the two reasons the Fifth Circuit remanded the *Davis v. Davis* case.

**Individual Consideration**. Defendant objects that Casey's pleadings do not sufficiently allege his individual status, such as being a low security risk, to trigger the individualized reconsideration ordered in *Davis v. Davis*. First, Plaintiff did allege that the policy is not the least restrictive means for balancing his constitutional rights with the prison's security interests. And the Supreme Court articulates the least restrictive means

---

[1]   Defendant has previously represented that there is no material distinction between this case and several other cases against TDCJ filed by inmates practicing the Native American religion. D.E. 54, pp. 1-2.

test as one applied to "the objecting party." *Holt v. Hobbs*, 135 S. Ct. 853, 864 (2015). Thus, construing the pleading liberally in favor of the pro se prisoner and non-movant, this element of his claim was alleged. *Mayfield v. Texas Dep't Of Criminal Justice,* 529 F.3d 599, 604 (5th Cir. 2008) (courts liberally construe the pleadings of prisoners proceeding pro se).

Second, the Court notes that a challenge to a pleading for insufficient fact allegations must be done by motion, with an opportunity to be heard. *See generally*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (evaluating a pleading's recitation of elements of a claim on a motion to dismiss under Rule 12(b)(6)). Raising the objection at this juncture as an alternative reason to preserve a summary judgment that was granted on different grounds is untimely and inappropriate.

Third, if there is a defect in the pleading, Plaintiff should be given an opportunity to request leave to amend the claim, which is freely given. Fed. R. Civ. P. 15. That is particularly the case here, where there has been a substantial change in the law articulating the basis for the claim. *Hampton v. Graff Vending Co.*, 516 F.2d 100, 103 (5th Cir. 1975) (remanding claim for additional proceedings where the case announced a change in the law). Fourth, the record reflects that Plaintiff is, in fact, a minimum custody inmate. D.E. 58, p. 4. Thus the fact issue that Defendant claims is missing from Plaintiff's pleading is present in the record and in the prior Order, and may be said to have been tried with consent.

Defendant's objection to the sufficiency of Plaintiff's pleading with respect to his individual circumstances is **OVERRULED**.

**Sufficiency of Evidence**.  Defendant objects to consideration of the testimony of George Sullivan as admitted in the case of *Odneal v. Pierce*, No. C-04-454, 2011 WL 2678940 (S.D. Tex. July 7, 2011).  Defendant objects that his testimony has not been demonstrated to relate sufficiently to the current circumstances of the McConnell Unit, Sullivan was not designated as an expert with disclosure of his expected testimony in this case, and Defendant has not had sufficient opportunity to cross-examine or controvert his testimony.  Several of these objections were raised in Defendant's summary judgment reply.  D.E. 54.

Just as in *Davis v. Davis*, the previous Order (D.E. 58) did not address Defendant's objections to Plaintiff's offer of the Sullivan evidence.  The Fifth Circuit in *Davis v. Davis* expressly held that, until ruled inadmissible, the Sullivan evidence was before the Court and raised a disputed issue of material fact to defeat summary judgment.  Because a post-judgment ruling on the admissibility of evidence was inappropriate in that case, the Fifth Circuit vacated the summary judgment and remanded the case for reconsideration.  For the same reasons, Defendant's effort to preserve the summary judgment despite the existence of the Sullivan evidence in the record without rulings on the evidentiary objections is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 62), as well as Defendant's objections (D.E. 66), and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the

Court **OVERRULES** Defendant's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Plaintiff's Motion of Opposition to the District Judge's Ruling on Summary Judgment (D.E. 59), construed as a motion to alter or amend the judgment, is **GRANTED** and the Memorandum Opinion and Order on Defendant's Motion for Summary Judgment (D.E. 58) is **VACATED IN PART** as to the grooming-policy RLUIPA claim only. This action is **REFERRED** to the Magistrate Judge for further pretrial proceedings in light of the Fifth Circuit decision in *Davis v. Davis*.

ORDERED this 25th day of October, 2016.

                                              NELVA GONZALES RAMOS
                                              UNITED STATES DISTRICT JUDGE